**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL LEE SIMS, | No. 12-56387 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01978-RGK-JCG |
| v. | |
| CAMPBELL, Inmate Assignment Lieutenant, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

California state prisoner Russell Lee Sims appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Sims's action without prejudice because Sims failed properly to exhaust his administrative remedies before filing suit and failed to demonstrate that his appeals were improperly screened. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (concluding that administrative remedies are "available" where administrative appeals were screened for proper reasons and that an inmate who failed to follow specific instructions on how to appeal had no reasonable good faith belief that administrative remedies were effectively unavailable).

Sims's contentions that the district court misplaced the burden of proof and overlooked key evidence are unsupported by the record.

Sims' other arguments were raised for the first time on appeal and we do not consider them. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

12-56387